# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RONALD FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:19-cv-00025-WCL-SLC |
| | ) |
| KYLE GRIFFITH, *al et MPD*, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court in this 42 U.S.C. § 1983 case is *pro se* Plaintiff Ronald Fields's motion (DE 33) and a letter (DE 21) requesting that the Court appoint counsel to represent him. As Fields explains in his motion, he is requesting that the Court recruit an attorney for him because he cannot afford one, he perceive the issues in the case as complex, he purportedly has limited knowledge of the law, he has limited access to the law library at the Grant County Jail, and he has contacted three attorneys who have declined to take his case. (DE 33).

### A. Legal Standard

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when he is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit Court of Appeals has instructed that the following factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2)

given the difficulty of the case, whether the plaintiff appears competent to litigate it himself.[1] *Pruitt*, 503 F.3d at 654-58.

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted). Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* If the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel "is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## *B. Analysis*

Fields states that he has contacted at least three attorneys, but none have taken his case. (DE 23 at 1); *see, e.g.*, *Jackson*, 953 F.2d at 1073 ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *Pollard v. Meadows*, No. 1:15-cv-00330-RLM-SLC, 2016 WL 128531, at *1 (N.D. Ind. Jan. 11, 2016) (requiring a *pro se* plaintiff to contact at least

---

[1] The Court previously granted Fields's motion to proceed *in forma pauperis*. (DE 3). "[P]roceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 is a prerequisite to appointment of counsel under 1915." *Hairston v. Blackburn*, No. 09-cv-598, 2010 WL 145793, at *10 (S.D. Ill. Jan. 12, 2010).

three attorneys to qualify for court-appointed counsel under § 1915(d)). Thus, although Fields has satisfied the threshold element of a request for counsel, at least three attorneys have not responded to his request for representation and apparently passed on the opportunity to represent him. This circumstance speaks rather directly to the merits of Fields's case and raises a fair inference that these attorneys likely did not view his case as meritorious. *See Jackson*, 953 F.2d at 1073 (considering the plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

Moving on to the second portion of the inquiry, this suit is a relatively straightforward § 1983 action: Fields alleges that he was arrested, questioned in police custody without being given his Miranda rights, and incarcerated, all in violation of his constitutional rights. (DE 1); *see, e.g.*, *Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (affirming the district court's denial of the plaintiff's motion to appoint counsel in a § 1983 case); *Moore v. Wolf*, No. 1:12-CV-54, 2013 WL 250620, at *2 (N.D. Ind. Jan. 22, 2013) (observing in a § 1983 case that the difficulty of the plaintiff's claims "cut against" granting his request for counsel (citation omitted)).

The Seventh Circuit has not articulated "categorical rules regarding the recruitment of counsel," but it has "held that a district court abuses its discretion when it does not take note of certain circumstances [that] demand particular judicial consideration." *McCaa v. Hamilton*, 893 F.3d 1027, 1032 (7th Cir. 2018) (alteration in original) (citations and internal quotation marks omitted); *see James v. Eli*, 889 F.3d 320, 327 (7th Cir. 2018). Here, although Fields has stated that he has limited understanding of the applicable law, the circumstances of his case do not warrant recruitment of counsel. *See McCaa*, 893 F.3d at 1033-34; *James*, 889 F.3d at 327. This case is at the pleading stage, and the Court has stayed any discovery pending the resolution of a

3

potential jurisdictional issue. (*See* DE 32); *cf. Moore*, 2013 WL 250620, at *2 ("Accordingly, the facts of this case are within Moore's particular knowledge, and thus the task of any discovery, if necessary, is apt to be quite limited and certainly not insurmountable.").

Additionally, although Fields claims that he has limited access to the law library at the Grant County Jail, his allegedly limited access to the law library does not appear to inhibit his ability to litigate at this time. *See Perez v. Fenoglio*, 792 F.3d 768, 785 (7th Cir. 2015) ("Those considerations change as a case progresses to discovery or trial. Taking depositions, conducting witness examinations, applying the rules of evidence, and making opening statements are beyond the ability of most pro se litigants to successfully carry out."); *cf. McCaa*, 893 F.3d at 1032 (noting that the district court erred in not addressing the incarcerated plaintiff's difficulty in conducting discovery and accessing materials regarding his "deliberate indifference claims").

Indeed, at the preliminary pretrial conference, Fields was able to articulate the events leading up to his filing this case, the claims that he is advancing, and the relief that he seeks. Furthermore, Fields has adequately articulated his claims in a complaint (DE 1) and filed a document to explain his failure to appear a telephonic hearing (DE 29; *see also* DE 25). Thus, it is evident from Fields's filings and his participation in the preliminary pretrial conference that he is assertive and possesses adequate communication skills, certainly at a sufficient level to proceed *pro se* at this stage of the case. *See, e.g.*, *Pruitt*, 503 F.3d at 663 ("[A]s the case moves beyond the pleading stage, into discovery, and closer to trial, the plaintiff will face an increasingly complex set of demands.").

### C. Conclusion

In sum, Fields appears to be competent and fully capable of representing himself in this suit, at least at this stage of the case. *Perez*, 792 F.3d at 785. Consequently, Fields's request for

court-appointed counsel (DE 21; DE 33) is DENIED. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

SO ORDERED.

Entered this 3rd day of June 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge