IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| RONALD FIELDS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No. 1:19-CV-00025 WCL-SLC |
| vs. | ) |  |
|  | ) |  |
| KYLE GRIFFITH, | ) |  |
| BRAD KOCHANOK, | ) |  |
| CHIEF OF POLICE, | ) |  |
| CITY OF MARION, and | ) |  |
| REGGIE NOVEL[1] | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Plaintiff, Ronald Fields ("Fields"), proceeding *pro se,* filed the present lawsuit after he was stopped by Marion Police for a driving infraction which, in turn, led to his arrest for operating a motor vehicle under a lifetime driving suspension. He sued various individuals and entities alleging federal civil rights violations. Presently before the Court, are Defendants' Brad Kochanek and Reggie Nevels (misnamed in the Complaint as Reggie Novel) ("the Defendants"), Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c). [DE 37]. Fields belatedly responded in opposition[2] and the Defendants replied. For the following reasons, this Motion will be GRANTED.

## APPLICABLE STANDARD

In reviewing a motion under Federal Rule of Civil Procedure 12(c), the court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Federal Rule of Civil

---

[1] Reggie Novel is misnamed in the caption. The correct individual is Reggie Nevels, the Grant County Sheriff. This is discussed further in the body of the Opinion and Order.

[2] Defendants also filed a Motion to Strike Fields' belated response. That motion is DENIED. [DE 43].

1

Procedure 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.,* 499 F.3d 629, 633 (7th Cir. 2007). A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, ... the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

## FACTUAL BACKGROUND

These facts are taken from Mr. Fields' complaint and accepted as true for purposes of the defendants' motion. As alleged in the Complaint, on or about November 2, 2018, Fields, while driving, was stopped by an officer of the Marion Police Department. Fields was initially stopped because the light over the license plate on the vehicle he was driving was out. (Complaint at p. 3).

2

Fields was not ticketed for the stop. Instead, he was arrested for operating a motor vehicle after his driving privileges had been forfeited for life. (*Id.*). Fields asserts that he was not read his Miranda rights, and was provided no legitimate documentation or reason to justify his arrest. As a result, he brought suit under 42 U.S.C. §1983 Fourth Amendment alleging false arrest, false imprisonment, and unreasonable search and seizure. The body of the Complaint does not specify which actions Fields attributes to the Defendants nor does it mention the Defendants by name outside of naming them in the caption.

## **DISCUSSION**

In their motion, the Defendants assert that from the bare allegations of the Complaint, even when taken as true, no claim has been stated against either Defendant Nevels or Defendant Kochanek. Specifically, the Defendants note that Reggie "Novel" is misnamed and should be Reggie Nevels, who is the Grant County Sheriff.[3] (Affidavit of Reggie Nevels, at ¶2). Next, they assert that Defendant Kochanek is listed as a witness in the probable cause affidavit attached to Fields' Complaint and is employed by the court as a probation officer in Grant County. (Affidavit of Brad Kochanek, at ¶2).[4] However, other than being listed in the caption, the Complaint does not allege any specific acts or conduct of either of these defendants so as to hold them liable under §1983.

When public officers violate the constitutional rights of citizens, § 1983 provides the vehicle for a legal claim. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Section 1983 imposes

---

[3] The Court takes judicial notice of the Grant County Sheriff's website, *see* https://www.grantcounty.net/sheriffs-department-info. That website identifies Reggie Nevels as the Grant County Sheriff.

[4] The Court also takes judicial notice of DE 10 and 11 filed in this case. Those filings by the City Defendants indicates that Defendant Kochanek is not currently and has not been employed by the Marion Police Department.

3

liability on any "person" who, while acting under color of state law, deprives an individual of federally protected rights. 42 U.S.C. § 1983; see *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Section 1983 authorizes claimants to sue persons in their individual capacities who are alleged to have violated such rights. *Lewis v. Downey*, 581 F.3d 467, 472–73 (7th Cir. 2009). Section 1983 also authorizes claimants to sue persons in their official capacities. *See Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514–15 (7th Cir. 2007). However, personal involvement is an element of every claim under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Here, Fields' complaint fails to allege any personal involvement by Kochanek or Nevels in the events leading to his arrest about which he claims. Merely naming a party in the caption of a Complaint is not enough to state a claim against him. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Indeed, because Plaintiff failed to allege specific acts of wrongdoing by Kochanek and Nevels, neither of whom are Marion police officers, the personal involvement requirement necessary for Section 1983 liability is not met. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). For this reason, the Motion for Judgment on the Pleadings is GRANTED to Kochanek and Nevels in their individual capacities.

To the extent that Fields is attempting to raise an official capacity claim against either of these individuals, this claim also fails. Suits against county officials in their official capacities are treated as suits against the county itself. *Weeks v. Hodges*, 871 F. Supp. 2d 811, 824 (N.D. Ind. 2012). "Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grievson v. Anderson*, 538 F. 3d 763, 771 (7th Cir. 2008). "The official policy requirement for liability under 1983 is to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make

clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* (quotations and citations omitted) (emphasis in original).

Here, the allegations of the Complaint do not give rise to any inference of an official county custom or policy that led to Fields' alleged unlawful arrest. In fact, Fields' Complaint only mentions Marion Police Officers. As a result, the Motion for Judgment on the Pleadings on any official capacity claims is also GRANTED.

## **CONCLUSION**

Based on the foregoing, the Defendants' Motion for Judgment on the Pleadings [DE 37] is GRANTED. Defendants' Motion to Strike [DE 43] is DENIED. *See* fn. 1, supra.

ENTERED: This 25th day of September, 2019

s/ William C. Lee
United States District Court